UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK NOEL,<br><br>    Plaintiff,<br><br>    v.<br><br>SUSAN PEERY,<br><br>    Respondent. | Case No. 21-cv-08801-EMC<br><br>**ORDER GRANTING PETITIONER'S MOTIONS FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL; REFERRING CASE TO FEDERAL PUBLIC DEFENDER; STAYING CASE**<br><br>Docket Nos. 8, 11 |

## I.    INTRODUCTION

Patrick E. Noel, a California state prisoner, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction from the Mendocino County Superior Court. *See* Docket No. 1 ("Petition"). The Court reviewed the Petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, dismissed Claims 1, 2, 4, 5, and 7; ordered Mr. Noel to make an election as to the Claims 3 and 6; and held Claims 8 and 9 in abeyance pending that election. Docket No. 6 ("Screening Order"). Mr. Noel filed an "opposition" to the Screening Order's holding regarding claims 3 and 6, which the Court construes as a motion for reconsideration. *See* Docket No. 8 ("Reconsideration Motion"). Because of intervening Ninth Circuit precedent, the Court **GRANTS** Mr. Noel's Reconsideration Motion. Because of the unusually complicated procedural posture of this action, the Court **GRANTS** Mr. Noel's request that he be appointed counsel. *See* Docket No. 11 ("Counsel Motion").

## II.    BACKGROUND

The instant Petition is Mr. Noel's third appearance before this Court. The following background information is taken from this Court's order dismissing Mr. Noel's second federal

habeas petition ("2019 Petition"):

>This case has a long procedural history.
>
>In 2005, Mr. Noel was convicted in Mendocino County Superior Court of attempted murder, two counts of assault with a firearm, unlawful participation in a criminal street gang (*see* Cal. Penal Code § 186.22(a)), endangering a child, two counts of kidnapping, and vehicle theft. Sentence enhancement allegations were found true. He was sentenced to a total of 41 years in prison.
>
>He appealed. The California Court of Appeal affirmed the conviction with a sentence modification and the California Supreme Court denied review. He also filed unsuccessful state habeas petitions.
>
>Mr. Noel then sought relief in federal court. His first federal petition for writ of habeas corpus was denied by this Court in 2012. *See Noel v. Lewis*, N. D. Cal. No. 08-cv-3777 EMC. On appeal, the Ninth Circuit reversed in part, granting relief on Mr. Noel's claim that his right to due process was violated because the evidence was insufficient to support the conviction for participation in a criminal street gang. *See Noel v. Lewis*, Ninth Cir. No. 12-16679.
>
>As a result of his success in the federal habeas action setting aside the conviction for participation in a criminal street gang, *see* Cal. Penal Code § 186.22(a), Mr. Noel was resentenced. On January 28, 2016, Mr. Noel was resentenced to a total term of 39 years. Docket No. 1 at 76.
>
>After he was resentenced, Mr. Noel again sought habeas relief in the state courts. A petition he filed in the Mendocino County Superior Court was denied on April 25, 2017. Docket No. 1 at 89-96. A petition he filed in the California Court of Appeal was denied on December 28, 2017, with numerous citations to procedural bars. Docket No. 1 at 103. The California Supreme Court summarily denied a petition for writ of habeas corpus from Mr. Noel on November 14, 2018, in *Noel (Patrick E.) on Habeas Corpus*, Cal. S. Ct. No. S247350.
>
>Mr. Noel reports that he filed another habeas petition claiming that he had been denied his right to be present at the January 28, 2016 resentencing. Docket No. 15 at 4. That petition was granted by the Mendocino County Superior Court on October 22, 2018, and his case was sent back for a new resentencing. *See id.* The January 28, 2016 resentencing was set aside by the state court because Mr. Noel had not been present at the proceeding and had not personally waived his presence. *See* Docket No. 12 at 3. Before the resentencing, Mr. Noel filed a motion for new trial that was denied. *See* Docket No. 15 at 5-7. The Mendocino County Superior Court again resentenced Mr. Noel on or about December 20, 2019 to a total of 37 years in state prison. Docket No. 12 at 14. The sentence imposed at the December 20, 2019 resentencing proceeding is reflected in a "3d Amended Abstract" of Judgment. *Id.* at 14-16.

> Mr. Noel filed another direct appeal following his December 20, 2019 resentencing. . . . In summary, the relevant state procedural history is as follows: After his conviction of one of several crimes was set aside, Mr. Noel was resentenced on January 28, 2016 (the "first resentencing"). That resentencing was later set aside, and Mr. Noel was resentenced again on December 20, 2019 (the second resentencing").

Docket No. 16 at 1-3, *Noel v. Warden*, Case No. 3:19-cv-03118-EMC (N.D. Cal. Nov. 20, 2020).

The Court dismissed the 2019 Petition as *Younger*-barred because an appeal of Mr. Noel's 2019 re-sentencing was still pending in state court. *See generally, id.* That appeal was subsequently denied in a reasoned opinion. *See People v. Noel*, Appeal No. A159257 (Cal. Ct. App. Dec. 14, 2020).[1] Mr. Noel then filed a petition for review in the California Supreme Court, which was summarily denied. *See People v. Noel*, Appeal No. S266774 (Cal. S. Ct. Mar. 10, 2021). The instant Petition followed.

As noted above, in its order screening the Petition the Court dismissed Claims 1, 2, 4, 5, and 7. *See* Screening Order at 4-8. Mr. Noel did not challenge the dismissal of these claims. *See generally*, Recon. Mot. Thus, the only claims at issue are Claims 3, 6, 8, and 9:

- Claim 3: During the 2005 criminal trial, defense counsel rendered ineffective assistance by failing to (a) suppress inflammatory gang evidence, (b) properly investigate, and (c) file discovery motions to obtain exculpatory evidence, *see* Pet. at 19- 21[2];

- Claim 6: During the 2005 criminal trial, gang experts relied on witness testimony not separately admitted, in violation of the Confrontation Clause, *see id.* at 31-34;

- Claim 8: The Mendocino County Superior Court erred in denying Mr. Noel's motion for a new trial excluding any gang evidence, *see id.* at 41-45; and

---

[1] Although Mr. Noel did not provide a copy of this opinion, the Court was able to obtain it from the website of the First District Court of Appeal. For Mr. Noel's benefit, the Court notes that this is proper. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Court orders and other court documents are proper subjects of judicial notice, *see id.*, as are records of court proceedings, *see Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). A court "may take judicial notice on its own" or after a party requests that it do so. Fed. R. Evid. 201(c).

[2] The Court refers to the page numbers applied by the ECF system.

3

- Claim 9: The prosecution committed a *Brady* violation by failing to turn over exculpatory evidence during the 2019 motion for a new trial, *see id*. at 46-48.

In the Screening Order, the Court deemed Claims 3 and 6 to be second-or-successive and held that Mr. Noel must seek permission from the Ninth Circuit before pursuing these claims in the instant Petition. *See* Screening Order at 5-6. The Court deemed Claims 8 and 9 cognizable but held them in abeyance pending the resolution of the issues surrounding Claims 3 and 6. *See id*. at 8-9.

### III.     LEGAL STANDARD

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### IV.     DISCUSSION OF RECONSIDERATION MOTION

As noted above, this is the third federal habeas petition Mr. Noel has filed in this Court. Claims 3 and 6 challenge events that occurred during Mr. Noel's 2005 criminal trial, and Claims 8 and 9 challenge the 2019 re-sentencing. *See generally*, Pet.

The Petition must be evaluated in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "AEDPA imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). A federal habeas petition is "second or successive" "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citations omitted). AEDPA provides that "[a] claim presented in a second or

4

1   successive habeas corpus application under section 2254 that was presented in a prior application
2   *shall* be dismissed." 28 U.S.C. § 2244(b)(1) (emphasis added).

3   In the Screening Order, the Court concluded Claims 3 and 6 were second-or-successive.
4   Mr. Noel argued that these claims were not second-or-successive under authority which allows
5   habeas petitioners to attack a new judgment which intervenes between the first-filed petition and
6   the petition at bar. *See* Recon. Mot. (citing *Magwood v. Patterson*, 561 U.S. 320 (2010), *Wentzell
7   v. Neven*, 674 F.3d 1124 (9th Cir. 2012)).

8   At the time that the Court issued its screening order, precedent did not clearly support Mr.
9   Noel's argument. Although the Supreme Court allowed a habeas petitioner to challenge "his
10  resulting, *new* sentence," it expressly noted that the petitioner was not challenging "his original,
11  *undisturbed* conviction." *Magwood*, 561 U.S. at 342 (emphasis in original) ("This case gives us
12  no occasion to address that question, because Magwood has not attempted to challenge his
13  underlying conviction."). Similarly, the Ninth Circuit allowed a petitioner to file a "first petition
14  challenging the amended judgment of conviction," *Wentzell*, 674 F.3d at 1126, but did not
15  expressly state that the petitioner could challenge the original conviction, *see generally, id*. *See
16  also Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) (allowing a habeas petition to proceed
17  where it "d[id] not 'attempt[ ] to challenge his underlying conviction,'" but instead "s[ought] only
18  to challenge a new and intervening judgment"). Moreover, other circuit courts of appeal had
19  considered this precise situation and held that a petitioner could not challenge his original
20  conviction in a petition filed after the judgment was amended, and the Supreme Court had
21  acknowledged these decisions but left them undisturbed in *Magwood*. *See Magwood*, 561 U.S. at
22  342 n. 16 ("Several Courts of Appeals have held that a petitioner who succeeds on a first habeas
23  application and is resentenced may challenge only the 'portion of a judgment that arose as a result
24  of a previous successful action.'") (quoting *Lang v. United States,* 474 F.3d 348, 351-352 (6th Cir.
25  2007); citing *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997) and *Esposito v. United States,* 135
26  F.3d 111, 113–114 (2d Cir. 1997)). Considering the Ninth Circuit's ambiguity on this issue, the
27  Supreme Court's express refusal to consider the issue in *Magwood*, and the weight of other
28  circuits' authority, the Court cannot say that the Screening Order was erroneous at the time that it

5

1  was issued.

2  However, while Mr. Noel's Reconsideration Motion was pending, the Ninth Circuit issued a published opinion which discussed the application of the "second or successive" bar. In *Creech v. Richardson*, the petitioner was sentenced to death in Idaho state court, later obtained federal habeas relief, was re-sentenced in Idaho state court, and then filed a second federal habeas petition. *See* 59 F.4th 372, 376 (9th Cir. 2023) (reciting case history). The petitioner raised claims in his second habeas petition which previously had been presented in his first habeas petition. *See id*. at 390 (reciting procedural background to those claims). The district court rejected those claims as second-or-successive. *See id*. On appeal, the Ninth Circuit clarified that *Wentzell* applied to this circumstance, and that under *Magwood* the petitioner could proceed on the resurrected claims. *See id*. at 390-91.

Like the petitioner in *Creech*, Mr. Noel seeks to raise claims which were presented in his first habeas petition and which attack his original conviction. Like the petitioner in *Creech*, Mr. Noel was re-sentenced between the adjudication of his first federal habeas petition and the filing of the instant petition. Thus, like the petitioner in *Creech*, under Ninth Circuit precedent Mr. Noel may resurrect claims from the previous petition.

The Court **GRANTS** Mr. Noel's Reconsideration Motion and vacates its earlier dismissal of Claims 3 and 6.

Following the stay discussed below, the Court will require the government to respond to Claims 3 and 6 as well as Claims 8 and 9 (which previously were found cognizable).

## V.    DISCUSSION OF COUNSEL MOTION

In addition to reconsideration of the Court's Screening Order, Mr. Noel requested appointment of counsel. *See* Docket No. 11 ("Counsel Motion").

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *See id.*; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by

6

limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Fed. Habeas Corpus Prac. & Proc.* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Considering these factors, the Court finds that appointment of counsel is warranted in this instance. Mr. Noel is indigent, the Petition involves complex a lengthy and complex procedural history which will bear on Mr. Noel's ability to pursue his claims, and as shown above this is a rapidly evolving area of the law. Moreover, the Court notes that Mr. Noel was appointed counsel in his prior appeal to the Ninth Circuit, *see* Docket No. 4, *Noel v. Lewis*, Appeal No. 12-16679 (9th Cir.), and this counsel continued to represent Mr. Noel in proceedings upon remand to this Court, *see* Docket No. 45, *Noel v. Walker*, Case No. 08-3777-EMC (N.D. Cal.).

Accordingly, the Court shall refer this action to the Federal Public Defender to assist in locating counsel for Petitioner.

### VI.     CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Petitioner's Reconsideration Motion is **GRANTED**. Docket No. 8. This action will proceed as to Claims 3, 6, 8, and 9.

2. Petitioner's Counsel Motion is **GRANTED**. Docket. No. 11. Pursuant to Section XI of General Order No. 2 of the Criminal Justice Act Plan for the United States District Court for the Northern District of California, Petitioner is **REFERRED** to the Federal Public Defender for location of counsel. Counsel will be able to seek payment for his or her representation of Petitioner as provided in 18 U.S.C. § 3006A(d) and (e) and General Order No. 2 of the Criminal Justice Act Plan, IV-B. The Clerk shall provide a copy of this order to the Federal Public Defender's Office in San Francisco.

3. All proceedings in this action are stayed until an attorney is appointed to represent Petitioner. Once such attorney is appointed, the Court will schedule a case management conference.

4. The Court will defer service of the petition until after the case management conference so that appointed counsel may have an opportunity to review the petition and determine if s/he plans to file an amended petition or proceed on the initial petition.

This order disposes of Docket Nos. 8 and 11.

**IT IS SO ORDERED**.

Dated: July 27, 2023

_____
EDWARD M. CHEN
United States District Judge